IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KYLE JOSHUA HERNANDEZ**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 1:08cv1478-RHW**

**JOSH SOSHAR, Warden
and JULE FLOWERS, Major**     **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is the plaintiff's civil rights conditions of confinement complaint filed December 15, 2008 pursuant to 42 U.S.C. § 1983. On June 3, 2009, the Court conducted a hearing pursuant to 28 U.S.C. §1915A[1] to examine the allegations contained in Plaintiff's complaint. Plaintiff and Major Julie Flowers were present at the hearing,[2] and both consented to the exercise of jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The case was accordingly reassigned to the undersigned for all further proceedings. [23] After considering the complaint and hearing from the Plaintiff, the Court is of the opinion that Plaintiff has failed to state a constitutional claim.

In his complaint, Plaintiff alleged that from June 8, 2007 to April 8, 2008 while he was an inmate at Pearl River County Jail, he "was forced to eat cold meals," and "live in unsanitary living conditions;" that there was black mold in the showers and the drains were stopped up; that

---

[1] 28 U.S.C. §1915A Screening.
  (a) Screening.
     The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

[2] The summons for Warden Soshar contained an error in the name of the Defendant. Plaintiff named as a Defendant *John* Soshar. [10] The order to issue process called for summons to be issued for *Josh* Soshar. [12] The summons issued for *Josh* Soshar was returned unexecuted by the U.S. Marshal on April 29, 2009. [15] The Court finds these errors harmless in light of the Court's disposition of this case.

he was denied yard call for 10 months;[3] and that "the medical treatment and the staff was and still is a joke." [1]  In response to a January 14, 2009 Court order requiring him to specifically state how Defendant violated his rights, what injury he suffered as a result, and whether he was denied medical care, Plaintiff asserted his rights were violated by denial of yard call and hot food; that he "suffered no physical injury as of yet," and that he "was never denied any medical care as of yet." [7]

Neither the U.S. Supreme Court nor the Fifth Circuit has expressly held that prisoners enjoy an absolute right to time outdoors.  See, *Green v. Ferrel*, 801 F.2d 765, 771-772. (5th Cir. 1986).  Plaintiff has shown no actual injury caused by the conditions of which he complains.  An inmate cannot recover for emotional damages without a showing of specific physical injury.  42 U.S.C. § 1997e(e); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).  The Court finds Plaintiff's allegations of unconstitutional conditions of confinement fail to state a claim and are frivolous.  The Constitution does not require that prisoners be provided a comfortable jail.  *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).  The Eighth Amendment prohibition against cruel and unusual punishment requires simply that prisoners be afforded humane conditions of confinement, receive adequate food, shelter, clothing and medical care.  *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).  To establish a constitutional violation due to conditions of confinement, an inmate must show (1) that prison officials deprived him of the "the minimal civilized measure of life's necessities;" and (2) that the prison officials acted out of deliberate indifference to the inmate's health or safety.  *Id*.  Plaintiff has shown no constitutional violation, and he admittedly has suffered no physical injury and has been denied no medical care.  It is therefore,

---

[3]In a March 2, 2009 pleading, Plaintiff stated that in ten months confinement at Pearl River County Jail, he has been outside for yard call ten times. [9]

**ORDERED AND ADJUDGED** that Plaintiff's lawsuit will be dismissed with prejudice for failure to state a claim upon which relief may be granted, and that this dismissal constitutes a strike under 28 U.S.C. § 1915(g). Plaintiff is cautioned that if he receives three strikes, he will be barred from bringing a civil action or appealing a judgment in a civil action under § 1915, unless Plaintiff is under imminent danger of serious physical injury.

SO ORDERED, this the 27th day of July, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE